FILED IN OFFICE THIS
APR 18 2019
LISA M. BURDETTE
CIRCUIT CLERK
CHAMBERS CO.

COURT NAME

JURISDICTION

DANDREKA OF THE FAMILY GRIGGS,

    Plaintiff,

vs.

CITY OF LANETT,

LANETT POLICE DEPARTMENT,

    Defendants

Case No.: CV 2019-33

Complaint Brought Under
18 U.S.C.§242 For Deprivation of Rights
Under Color of Law, 15 U.S.C. §52
Dissemination of False Advertisements

# COMPLAINT

    Dandreka of the Family Griggs moves this Court for entry of judgment in his favor against the Defendants who committed acts contrary to constitutional government institution purposes and duties. In support of this complaint arises plausible and valid claims of deprivation of rights under color law. Whereas, Mr. Griggs was forced to provide proof of his driver's license which resulted in deprivation of his right to travel (Thompson vs Smith, 154 SE 579). The plaintiff avers the following:

### Count 1.
1. 18 U.S.C. §242 Deprivation of Rights Under Color of Law: FRE Rule 406
### Count 2.
2. 15 U.S.C. §52 Dissemination of False Advertisements: FRE Rule 406

## JURISDICTION

    Under the United States Constitution and 42 U.S.C Sections 1983 and 1988, as amended this Court has jurisdiction in this matter pursuant to 28 U.S.C §1331 and §1332. Griggs by inherent right invokes, *federal jurisdiction*, as subject-matter jurisdiction of this Court for a jury to decide this case as he provides a plausible cause of action resulting from the premeditated deprivation of his inherent rights guaranteed by AL Constitution and United States Constitution, by federal *provisions* that arise from *federal statutes adopted* by the state.

## NARRATIVE

    On or about February 08, 2019 Mr. Griggs was travelling east on S 5th St in Lanett, AL. He came to a stop at the stop sign at the junction of S 5th St and S 8th Ave. He proceeded to turn right traveling S towards Jennings Ave. Mr. Griggs was then stopped by Officer Asim Hicks, who stated he failed to use his signal light

COMPLAINT BROUGHT UNDER 18 U.S.C.§242 FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, 15 U.S.C. §52 DISSEMINATION OF FALSE ADVERTISEMENTS - 1

before turning, resulting in Officer Hicks issuing Mr. Griggs a traffic citation. Hicks then demanded Mr. Griggs to show his driver's license as proof that he can legally operate a vehicle on street. These actions performed by Officer Hicks infringes upon the rights of Mr. Griggs. Mr. Griggs was deprived of his right to travel in his own personal vehicle when asked to provide his driver's license. As established in **State v Armstead, 60 s. 778,779,and 781;** the right to travel, the right to mode of conveyance, and the right to locomotion are all absolute rights, and police cannot make void the exercise of rights.

## Count 1
18 U.S.C. §242 Deprivation of Rights Under Color of Law:  FRE Rule 406

Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right protected by the Constitution or laws of the United States. For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local official within their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his or her official duties. Persons acting under color of law within the meaning of this statute include police officers, prison guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.

The initial traffic stop made by Officer Hicks upon Mr. Griggs is deemed illegal because no other vehicle was affected by the turn. Mr. Griggs was stopped at the junction of S 8th Ave and S 5th St where his only option was to turn left or right. Mr. Griggs proceeded to make a right turn onto S 8th Ave heading south towards Jennings Ave. According to the supreme court ruling in State of Florida v. Todd Riley, 625 So. 2d 1261, the court deemed a traffic stop for failing to use the turn signal when making a right-hand turn was illegal because no other vehicle was affected by the turn.

During the stop, Officer Hicks requested to see Mr. Griggs driver's license and Mr. Griggs complied. Traveling in an automobile on the public roads is not a threat to public safety or health and constitutes no hazard to the public, and such a traveler owes nothing more than due care to the public. (Christy v. Elliot, 216 I 131, 74 HE 1035 LRA NS 1905) Although Mr. Griggs complied to the request, he had the right to deny production of his driver's license because he was merely traveling in his own personal vehicle and not driving for pay which is his inalienable right.

Whereas, there is no question that the issuance of a ticket or citation by a police officer or others for certain traffic violations carries a fine or jail time making it a penalty or sanction. This is considered converting a right into a crime, thus violating substantive rights. As established in Sherer v. Cullen 481 F. 945, there

must be an injured party for a crime to exist and no sanctions or penalties can be imposed because of this constitutional right.

WHEREFORE, Mr. Griggs demands judgement for the above deprivations against all the wrongdoers jointly and severally for actual general, special compensatory damages in the amount of $150,000.00 and further demands judgement against each wrongdoer jointly and severally for punitive damages in the amount of $5000.00, plus cost of this action including legal fees and such relief deemed to be just and equitable.

## Count 2

15 U.S.C. §52 Dissemination of False Advertisements: FRE Rule 406

This statute makes it unlawful to publicly disseminate an ad that the advertiser knows contains a false, misleading, or deceptive offer of a product or service with the intent to promote the sale of said goods or services to the public.

The patrol cars belonging to the Lanett Police Department all state the slogan "to protect and serve". According to the US Supreme Court, government agencies- including police departments- have no duty to provide protection to citizens, unless they were in custody. As established by the US Supreme Court in the cases of DeShaney v. Winnebago and Town of Castle Rock v. Gonzales, police agencies are not obligated to provide protection of citizens. In other words, police are well within their rights to pick and choose when to intervene to protect the lives and property of others- even when a threat is apparent. For the cars to convey the motto to protect and serve is false advertisement because the agency knows that it is not obligated to provide this service. This gives a false sense of security to citizens who may feel safe in the presence of a police officer.

WHEREFORE, Mr. Griggs demands judgement for the above disservice against all the wrongdoers jointly and severally for actual general, special compensatory damages in the amount of $150,000.00 and further demands judgement against each wrongdoer jointly and severally for punitive damages in the amount of $5000.00, plus cost of this action including legal fees and such relief deemed to be just and equitable.

The undersigned being duly sworn imposes and says that he suffers from injuries and damages inflicted by the defendants who committed acts contrary to constitutional government institution proven herein and have read the forgoing filed on my behalf and the facts stated therein are true.

Subscribed and Sworn to on this __18__ th day of __April__, 2019.

COMPLAINT BROUGHT UNDER 18 U.S.C.§242 FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, 15 U.S.C. §52 DISSEMINATION OF FALSE ADVERTISEMENTS - 3

_____
Plaintiff (Injured Party)

COMPLAINT BROUGHT UNDER 18 U.S.C. §242 FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, 15 U.S.C. §52 DISSEMINATION OF FALSE ADVERTISEMENTS - 4